FILED 2014 OCT -7 AM 11:33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. CR14-0588 |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [18 U.S.C. § 1347: Health Care Fraud] |
| TIM SEO, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1347, 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

The Defendant and Co-Schemers

1.  Defendant TIM SEO ("defendant SEO") owned and operated Bodee, Inc. ("Bodee"), a physical therapy clinic located initially at 10230 Artesia Boulevard, Suite 300, in Bellflower, California, and later at 11700 South Street, Suite 201, in Artesia, California.

2.  In or about May 2010, defendant SEO enrolled Bodee as a Medicare provider.

3.  Co-schemer Won Suk Lee ("Lee"), an acupuncturist, owned and operated two acupuncture and massage clinics: Won Suk Lee Acupuncture

& Herb, Inc. ("Huntington Park Acupuncture Clinic") and Variety Choice, Inc. ("Variety Choice").

4.  Co-schemer K.L. owned and operated an acupuncture clinic.

The Medicare Program

5.  Medicare was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS").

6.  Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each Medicare beneficiary was given a Health Identification Card containing a unique Identification number ("HICN").

7.  Health care providers, including physical therapists ("PTs") and physical therapy group practices, who provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."

8.  To obtain reimbursement from Medicare, a PT or physical therapy group first had to apply for and obtain a provider number. By signing the provider application, the PT or physical therapy group agreed to (a) abide by Medicare rules and regulations; and (b) not submit claims to Medicare knowing they were false or fraudulent or with deliberate ignorance or reckless disregard of their truth or falsity.

9.  If Medicare approved a provider's application, Medicare assigned the provider a Medicare provider number, which enabled the

provider to submit claims to Medicare for services rendered to Medicare beneficiaries.

10. Palmetto GBA ("Palmetto") processed and paid Medicare claims for outpatient physical therapy services in Southern California.

11. Medicare reimbursed providers only for services that were medically necessary to the treatment of a beneficiary's illness or injury, were prescribed by a beneficiary's physician, and were provided in accordance with Medicare regulations and guidelines that governed whether a particular item or service would be reimbursed by Medicare.

12. Medicare required that physical therapy services be performed by (a) a physician, (b) a PT, or (c) a PT assistant acting under the direct supervision of a physician or a PT. "Direct supervision" meant that the doctor or PT was physically present in the same office suite and immediately available to provide assistance and direction throughout the time the PT assistant was performing physical therapy services. Therapy services provided by aides, physical therapy students, or massage therapists were not reimbursable by Medicare, regardless of the level of supervision.

13. Medicare did not cover acupuncture or reimburse providers for acupuncture services. Medicare did not cover massages unless they were therapeutic massages provided by a licensed PT or PT assistant as a part of a beneficiary's plan of care.

14. To bill Medicare for services provided to a beneficiary, a PT or physical therapy group was required to submit a claim to Palmetto. Medicare required claims to be truthful, complete, and not misleading. In addition, when a claim was submitted, the PT or

physical therapy group was required to certify that the services covered by the claim were medically necessary.

15. Medicare required a claim for Medicare reimbursement of physical therapy services to set forth, among other things, the beneficiary's name and HICN, the Current Procedural Terminology ("CPT") code for the service provided to the beneficiary, the date the service was provided, the location where the service was provided, and the name and national provider identifier ("NPI") of the PT who performed the service.

B.   THE SCHEME TO DEFRAUD

16. Between in or about May 2010, and in or about October 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant SEO, together with Lee, K.L., and others known and unknown to the United States Attorney, knowingly, willfully, and with intent to defraud, executed a scheme and artifice: (a) to defraud a health care benefit program, namely Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

17. The fraudulent scheme operated, in substance, in the following manner:

    a. Defendant SEO paid an individual known as a marketer in exchange for referrals of Medicare beneficiaries to Bodee.

   b. The marketer transported the beneficiaries to one of a small number of doctors to obtain orders for medically unnecessary physical therapy.

   c. The marketer also transported the beneficiaries to Bodee, where they provided their Health Identification Cards, HICNs, and other personal and medical information to defendant SEO and other Bodee employees.

   d. While at Bodee, the beneficiaries primarily received uncovered services, including massage and acupuncture.

   e. These services where provided by individuals who were not licensed physicians, PTs, or PT assistants.

   f. Defendant SEO caused Bodee to submit false and fraudulent claims to Medicare for Medicare-covered services such as physical therapy for these beneficiaries.

   g. In addition, defendant SEO obtained beneficiary information Bodee could use to bill Medicare from Lee and K.L., who provided defendant SEO and other Bodee employess with copies of Medicare beneficiaries' Health Identification Cards, HICNs, and other personal and medical information.

   h. These Medicare beneficiaries did not visit Bodee, but rather received services at Huntington Park Acupuncture Clinic, Variety Choice, or K.L.'s acupuncture clinic that were not covered by Medicare, including acupuncture and massage.

   i. These services were provided by Lee, K.L. and other individuals acting at their direction who were not physicians, PTs, or PT assistants.

   j. Defendant SEO used the information Lee and K.L. provided to willfully cause Bodee to submit claims to Medicare for

physical therapy services purportedly provided to the beneficiaries at Bodee, even though, as defendant SEO well knew, the beneficiaries had not received any covered services at Bodee.

  k. From the Medicare reimbursements on those claims, defendant SEO wrote checks from Bodee's business bank account to Lee through Huntington Park Acupuncture Clinic and Variety Choice, and to K.L. through K.L.'s acupuncture clinic. These payments represented approximately 60% of the Medicare reimbursement Bodee received for beneficiaries whose information defendant SEO obtained through Lee and K.L.

  18. Between in or about May 2010, and in or about October 2011, Bodee submitted approximately $1,579,425 in false and fraudulent claims to Medicare for physical therapy services allegedly provided to beneficiaries referred by the marketer, Lee, and K.L., and Medicare paid approximately $890,585 on those claims.

C. EXECUTION OF THE SCHEME

  19. On or about January 2, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant SEO, together with others known and unknown to the United States Attorney, for the purpose of executing the scheme to defraud described above, knowingly and willfully submitted and caused to be submitted a false and fraudulent claim to Medicare, claim # 551811012150500, for

//
//
//
//
//
//

physical therapy services allegedly provided to Medicare beneficiary L.A., for which Medicare paid $101.27.

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Major Frauds Section